ROBERT GUNNISON *vs.* HORACE LANGLEY & others.

No exception lies to the refusal by a judge to rule that a particular piece of evidence, which is in the case, has a tendency to prove the issue between the parties, if he submits the issue to be determined by them upon all the evidence, with proper instructions.

If defendants who are alleged to have been partners of another person, who signed a contract with the plaintiff, have testified that they were not partners, and request a ruling that persons cannot be partners as between themselves unless they mutually intend to be so, it furnishes no ground of exception by them if the judge, after giving the ruling requested, adds that although they might say they were not partners, it did not depend upon what they said; and that while the jury might take that fact into consideration, it was for them to decide the matter on the whole evidence.

Exceptions cannot be sustained to the refusal of a judge to instruct the jury that there was no evidence in the case sufficient to establish certain material facts, if the bill of exceptions does not contain a report of the whole evidence, so that this court may see whether there was such evidence or not.

CONTRACT against Horace Langley, Horace Noyes and W. H. H. Bailey, who were alleged to be copartners under the name of the Pentucket Ice Company. The action was upon a written agreement dated December 13, 1859, signed " Horace Langley, for the Pentucket Ice Co.;" and the question in issue was as to the existence of the partnership as alleged. Langley was defaulted.

At the trial in the superior court, Noyes and Bailey testified amongst other things that they never heard of the name " Pentucket Ice Company" until January 10th 1860. The defendants asked the court to instruct the jury that if they believed this fact, it was evidence tending to show that no partnership was formed between them prior to that time; but *Putnam, J.* declined so to rule, and instructed them that this circumstance must be taken as any other fact proved, and from all the facts they were to find whether a partnership existed when the contract was made.

The defendants asked the court to instruct the jury that persons cannot be partners as between themselves unless they mutually intend to be so, or at least intend to assume the liabilities and claim the rights of partners. The judge ruled as requested, but added that, although persons might say they were not partners, it did not depend upon what they said; and that while the jury might take that fact into consideration, it was for them to say on the whole evidence whether or not there was actually a partnership as between the parties themselves.

Other requests for instructions, which the judge declined to give, are stated in the opinion.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*N. B. Bryant,* for the defendants.

*E. F. Stone,* for the plaintiff.

CHAPMAN, J. 1. The first request by the defendants for instructions related to a particular piece of evidence, viz., the evidence that Noyes and Bailey had not heard of or known the name of " Pentucket Ice Company" until January 10, 1860. The request was that the jury should be instructed that, if they believed this, it was evidence tending to show that no partnership was formed between the parties prior to that time. It is not obvious from the report that such an instruction would be correct as a legal proposition. It would depend upon other evidence, not reported. The judge was not bound to select one piece of evidence from among others bearing on the same point, and rule upon it; but he gave a correct instruction in regard to it, namely, that this circumstance must be taken by the jury as any other fact proved, and from all the facts they were to find whether or not such partnership existed at the time this contract was made.

2. There was nothing erroneous in the ruling as to what constitutes a partnership. As a question of fact, its existence was properly left to the jury.

3. As to the request by the defendants " that the jury be instructed that if they found that there was no partnership of the defendants as between themselves, there was no evidence of a partnership as to third persons, and particularly as to this

plaintiff, and that there was no evidence that the plaintiff gave credit to the alleged company on account of any acts of either Bailey or Noyes," the whole evidence not being reported, this court has no means of judging from the report whether the instruction was properly refused or not. By referring to the minutes of the evidence, at the request of counsel, it appears that there was evidence not stated in the report bearing on the question. The instruction actually given was correct.

*Exceptions overruled.*